IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TERRY ANTONIO JACKSON, # 05747-003**                         **PETITIONER**

**VERSUS**                                                  **CIVIL ACTION NO. 5:09-cv-219-DCB-MTP**

**BRUCE PEARSON**                                     **RESPONDENT**

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Terry Antonio Jackson, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 28, 2009. This court entered an order [5] on February 16, 2010, directing petitioner to provide additional information. Petitioner filed a response [6] to this court's order [5] on February 23, 2010. Upon review of the court record, the court has reached the following conclusions.

I. Background

Petitioner states that he was convicted of conspiracy to possess with intent to distribute crack cocaine on March 31, 1995, in the United States District Court for the Southern District of Alabama. <u>Pet</u>. [1], p. 3. Petitioner was sentenced to serve 292 months in the custody of the Bureau of Prisons and five years on supervised release. <u>Resp</u>. [6], p. 1. The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction on December 9, 1996. <u>Pet</u>. [1], p. 3. Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Alabama, which was denied on February 28, 2001. <u>Pet</u>. [1], p. 2. Petitioner asserts that in March of 2007, his

sentence was reduced by 57 months.[1]  Resp. [6], p. 1.

In the petition before this court, petitioner argues that he is "actually innocent of the imposed sentence because he was sentenced to a 100-1[2] ratio for a crack offense to cocaine resulting in an illegal sentence under the current retroactive rules of the Supreme Court in violation of the Fifth, Sixth and Eight Amendment to the U.S. Constitution." Pet. [1], p. 4.  As relief, petitioner requests that this court reduce his sentence including supervised release, release petitioner from incarceration and grant a writ of audita querela.[3]  Pet. [1], p. 5.

## II. Analysis

a. Request for sentence reduction and release

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto,

---

[1] According to the United States Courts PACER service, petitioner's motion for reduction of sentence pursuant to § 18 U.S.C. 3582(c)(2) was granted by the United States District Court for the Southern District of Alabama on May 27, 2008 in United States v. Jackson, No. 1:94-cr-165-CB-C (S.D. Ala. March 31, 1995).

[2] This court finds that petitioner is referencing the sentencing guideline utilizing the 100 to 1 ratio in which an individual convicted of dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine.  See Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

[3] Petitioner also seeks as relief that, if this Court will not grant the requested relief, in the alternative, this court transfer this action to the United States District Court in which petitioner was convicted and sentenced.  This court notes that petitioner may file a petition in the United States District Court in which he was convicted and sentenced and this court will not transfer this petition as requested by petitioner.  See Hooker v. Sivley, 187 F.3d 680,682 (5th Cir. 1999) (a petitioner is entitled to a judicial determination whether he may proceed under § 2241, and that determination can only be made in the district where he is incarcerated); see also Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court ..., even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.")

956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the legality of his sentence. Clearly, these claims relate to alleged errors that occurred in the sentencing court and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[4] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors

---

[4] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective to test the legality of his detention</u>.

3

that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

Petitioner asserts that he is actually innocent of the crime of conspiracy to possess with intent to distribute crack cocaine because the sentencing guidelines have been amended. To meet the first prong of the Reyes-Requena test, petitioner must rely on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. In an attempt to meet the savings clause requirements, petitioner argues that he has been "sentenced for a nonexistence (sic) offense" in light of Spears v. United States, --- U.S. ----, 129 S.Ct. 840, 172 L.Ed. 2d 596 (2009) and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Pet. [1], p. 4. However, the court finds petitioner's reliance on Spears and Kimbrough, in order to meet the savings clause requirements, misplaced.

This court finds that neither Spears nor Kimbrough are retroactively applicable. Gricco v. Keffer, 335 Fed. Appx. 423 (5th Cir. 2009) (petitioner failed to meet the savings clause requirements when the case law relied on by petitioner was neither new nor retroactively applicable). Furthermore, as discussed below, neither Spears nor Kimbrough establish that

4

petitioner was convicted of a violation that has since been found to be noncriminal.

As stated above, petitioner was convicted of conspiracy to possess with intent to distribute crack cocaine and sentenced to 292 months in the custody of the Bureau of Prisons. In March of 2007, petitioner's sentence was reduced by 57 months.[5] Spears and Kimbrough both explain the crack cocaine sentencing guidelines, the disparity that existed between crack and powder cocaine sentences and how the courts should follow the sentencing guidelines regarding same. Neither Spears nor Kimbrough establish that the petitioner was convicted of a nonexistent crime. Petitioner was convicted pursuant to 28 U.S.C. § 841 and 28 U.S.C. § 846. This court finds that these criminal statutes were in effect at the time of his conviction, as they are today. Clearly, the petitioner was not convicted of a violation which is noncriminal. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000)("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. As such, since the petitioner does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

---

[5] Although petitioner has already received a reduction of his sentence, it appears to this court that petitioner is requesting further reduction of his sentence as well as a reduction of the time he is required to spend on supervised release. As such, this court will not address the mootness of petitioner's request for a reduction of his sentence.

b. Writ of audita querela

A writ of audita querela allows a defendant to "obtain relief against a judgment because of some legal defense arising after the judgment." United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). However, "[t]he writ of audita querela is not available where the prisoner may pursue a remedy under 28 U.S.C. § 2255." United States v. Mason,131 Fed Appx. 440, 441 (5th Cir. 2005)(citing Banda, 1 F.3d at 356). Further, the fact that petitioner fails to meet the requirements for bringing a successive § 2255 motion, does not render a § 2255 motion unavailable. Id. (citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)). As such, the petitioner's request for this court to grant a writ of audita querela will be denied.

### III. Conclusion

As stated above, neither § 2241 nor a writ of audita querela are the proper forums for petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the petition can be construed as a § 2255 motion, it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack, 218 F.3d at 454-55. Additionally, petitioner's request for a writ of audita querela is denied.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the ___30th___ day of June, 2010.


    ___s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE